IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

AUBRA TURNER                                                     PLAINTIFF

V.                                                         CIVIL ACTION NO. 1:18-CV-45-SA-RP

BELK, INC.                                                         DEFENDANT

ORDER

Aubra Turner originally filed her Complaint [2] against Belk, Inc. in the Circuit Court of Lowndes County on March 6, 2018. In her Complaint, the Plaintiff asserts negligence and premises liability claims arising from a slip and fall on October 24, 2015. The Defendant removed the action to this Court on March 14, 2018. Now before the Court is the Defendant's Motion for Summary Judgment [43]. The issues are fully briefed and ripe for review.[1]

*Factual Background*

The Plaintiff was shopping at Belk in Columbus, Mississippi on the afternoon of October 24, 2015. While walking to the men's department to purchase a shirt for her husband, the Plaintiff slipped and fell on a 5x7 cardstock sign. In her deposition, the Plaintiff described the sign as one that would normally hang on a display to advertise a sale. The Plaintiff also stated in her deposition that she did not see the sign on the floor before she fell, as the color of the sign blended in with the color of the tile floor. Alleging physical and mental injuries, the Plaintiff asserts that the Defendant negligently maintained their store property and failed to provide her a safe shopping environment.

*Standard of Review*

Summary judgment is warranted under Rule 56(c) when evidence reveals no genuine dispute regarding any material fact, and that the moving party is entitled to judgment as a matter

---

[1] Mississippi substantive law applies in this diversity case. *See Cox v. Wal-Mart Stores E., L.P.*, 755 F.3d 231, 233 (5th Cir. 2014) (citing *Wood v. RIH Acquisitions MS II, LLC*, 556 F.3d 274, 275 (5th Cir. 2009)).

of law. FED. R. CIV. P. 56(c). To award summary judgment, "[a] court must be satisfied that no reasonable trier of fact could find for the nonmoving party or, in other words, that the evidence favoring the nonmoving party is insufficient to enable a reasonable jury to return a verdict in her favor." *Celotex Corp. v. Catrett,* 477 U.S. 317, 323, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986).

The party moving for summary judgment bears the initial responsibility of informing the district court of the basis for its motion and identifying those portions of the record it believes demonstrate the absence of a genuine issue of material fact. *Celotex,* 477 U.S. at 323, 106 S. Ct. 2548. The non-moving party must then go beyond the pleadings and designate "specific facts showing that there is a genuine issue for trial." *Id*. at 324, 477 U.S. 317, 106 S. Ct. 2548, 91 L. Ed. 2d 265. Conclusory allegations, speculation, unsubstantiated assertions, and legalistic arguments are not an adequate substitute for specific facts showing a genuine issue for trial. *TIG Ins. Co. v. Sedgwick James of Wash.,* 276 F.3d 754, 759 (5th Cir. 2002); *SEC v. Recile*, 10 F.3d 1093, 1097 (5th Cir.1997); *Little*, 37 F.3d at 1075. In reviewing the evidence, factual controversies are to be resolved in favor of the nonmovant, "but only when . . . both parties have submitted evidence of contradictory facts." *Id*.

*Premises Liability*

"Premises liability analysis under Mississippi law requires three determinations: (1) legal status of the injured person, (2) relevant duty of care, and (3) defendant's compliance with that duty." *Wood v. RIH Acquisitions MS II LLC*, 556 F. 3d 274, 275 (5th Cir. 2009) (citing *Massey v. Tingle*, 867 So. 2d 235, 239 (Miss. 2004)). In the present case, it is undisputed that Plaintiff was a business invitee at the time of the incident. "[A] business invitee [is] a person who goes upon the premises of another in answer to the express or implied invitation of the owner or occupant for their mutual advantage." *Hersey v. Food Giant Supermarkets, Inc.*, No. 1:15-CV-127-SA, 2017

WL 81770, *2 (N.D. Miss. Jan. 9, 2017) (citing *Kinstley v. Dollar Tree Stores, Inc.*, 63 F. Supp. 3d 658, 661 (S.D. Miss. Dec. 3, 2014) (internal quotations omitted)).

Mississippi law imposes upon a business owner a duty to keep the business premises "reasonably safe and to warn of any dangerous condition that is not readily apparent." *Parker v. Wal–Mart Stores, Inc.*, 261 F. Appx. 724, 725–26 (5th Cir. 2008); *Munford, Inc. v. Fleming*, 597 So. 2d 1282, 1284 (Miss. 1992).[2] This includes the duty to "warn of any dangerous conditions not readily apparent which the owner knew, or should have known, in the exercise of reasonable care, and the duty to conduct reasonable inspections to discover dangerous conditions existing on the premises." *Pigg*, 991 So. 2d at 1199–1200 (quoting *Gaines v. K–Mart Corp.*, 860 So. 2d 1214, 1216 (Miss. 2003)). The breach of either duty supports a claim of negligence. *Pigg*, 991 So. 2d at 1200; *Mayfield v. The Hairbender*, 903 So. 2d 733, 738 (Miss. 2005); *Sears, Roebuck & Co. v. Tisdale*, 185 So. 2d 916, 917 (Miss. 1966) ("The basis of liability is negligence and not injury.").

In order to prove breach in a slip-and-fall case, a plaintiff must:

> (1) show that some negligent act of the defendant caused [her] injury; or (2) show that the defendant had actual knowledge of a dangerous condition and failed to warn the plaintiff; or (3) show that the dangerous condition existed for a sufficient amount of time to impute constructive knowledge to the defendant, in that the defendant should have known of the dangerous condition.

*Kinstley*, 63 F. Supp. 3d at 661 (quoting *Anderson v. B.H. Acquisition, Inc.*, 771 So. 2d 914, 918 (Miss. 2000)). Stated simply, a plaintiff "cannot succeed on a premises-liability claim without showing either that the defendant created the dangerous condition or that the defendant possessed actual or constructive knowledge of the dangerous condition in sufficient time to remedy it." *Jones v. Imperial Palace of Mississippi, LLC*, 147 So. 3d 318, 322 (Miss. 2014).

---

[2] A premises owner is "not an insurer of the safety of invitees." *Pigg v. Express Hotel Partners, LLC*, 991 So. 2d 1197, 1199 (Miss. 2008); *Wood*, 556 F.3d at 275.

*Discussion and Analysis*

The Defendant argues that the Plaintiff failed to allege any facts that show that the Defendant created or had actual or constructive knowledge of a dangerous condition. The Defendant now requests summary judgment in its favor arguing that the Plaintiff cannot prove these essential elements of her claim. A review of the record in this case reveals that the Plaintiff conceded that the Defendant did not have actual knowledge of the dangerous condition. *See* Turner Deposition [43-2] at p. 36. The Court will address the remaining arguments in turn, noting that the Plaintiff must provide a genuine issue of material fact as to only one of the three theories of premises liability to survive summary judgment. *See Kinstley*, 63 F. Supp. 3d at 661; (*Anderson*, 771 So. 2d at 918).

I. Negligent Act

One way to establish premises liability in Mississippi is to "show that some negligent act of the defendant caused [the plaintiff's] injury. *Downs v. Choo*, 656 So. 2d 84, 85 (Miss. 1995). The Plaintiff argues that the Defendant created a dangerous condition that caused her injuries by leaving a sale sign on the slick tile floor. In support of her argument, the Plaintiff offers the testimony of Deborah Phinisey, the manager of Belk's Columbus store.

In her deposition, Phinisey explained that she was alerted of the Plaintiff's fall by another customer who heard the accident. Upon Phinisey's arrival at the scene, the Plaintiff handed Phinisey the sign and explained that it was on the floor and caused her to slip and fall. In her deposition, Phinesey identified the sign the Plaintiff slipped on as a "topper" which Belk uses to advertise a sale. According to Phinesey, the signs cannot fall out of the metal sign holders, but instead, a sign must be physically removed from its metal holder. Phinesey stated that the metal holders have an opening at the top to secure the sign and the topper in place. In her thirty-two years

at the department store, Phinisey recalls only one time where a customer removed the sign from the metal holder instead of an employee. Based on Phinisey's testimony, the Plaintiff argues that one of the store's employees negligently caused the sign to be on the floor.[3]

In *Munford, Inc. v. Fleming*, the Mississippi Supreme Court found that while there was no evidence that the store knew of the dangerous condition, there was sufficient evidence from which a jury could infer that the dangerous condition was there due to an affirmative act by an employee. *Munford, Inc. v. Fleming*, 597 So. 2d 1283, 1285 (Miss. 1992). In *Munford*, the plaintiff slipped in water that was leaking from a bottle in an aisle where store employees regularly stocked the shelves with water bottles. The Court in *Munford* found,

> While upon this evidence the jury could have found one of the customers caused the bottle to leak, it was also possible that the jury — having heard [the store employee's] testimony and viewed her credibility — found she either failed to see the puddle, or she adjusted the water bottles and accidentally caused one to leak.

*Munford*, 597 So. 2d at 1285.

Like *Munford*, this case presents a factual question of causation that is subject to different determinations. *See also Mississippi Winn-Dixie Supermarkets v. Hughes*, 156 So. 2d 734 (Miss. 1963). A reasonable jury could find that a store employee, upon changing the sale signs in the metal holder, dropped one and caused the Plaintiff to slip and fall. *See Celotex,* 477 U.S. at 323, 106 S. Ct. 2548; *see also United States v. Diebold, Inc.*, 369 U.S. 654, 82 S. Ct. 993, 8 L. Ed. 2d 176 (1962) (where there are undisputed facts from which different inferences might reasonably be

---

[3] The Defendant argues that such testimony is inadmissible under Federal Rule of Evidence 404(b) and 406. While creative, the Defendant's argument asks the Court to weigh the relevant evidence presented, which is improper at summary judgment. *See Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 249, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986) (the judge's function at summary judgment is not "to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial."). The Defendant argues that Phinesey's testimony is merely speculation, which cannot support summary judgment. However, the Court finds the testimony is not speculation, but instead provides a reasonable inference from which the jury can infer that Belk employees caused the sign to be on the floor.

drawn the case is not suitable for summary judgment). Because such a determination is proper for a jury to make, the Defendant's Motion for Summary Judgment is denied.

II.  Constructive Knowledge

While the Plaintiff must only provide a genuine issue of material fact as to one theory of liability, out of an abundance of caution the Court also addresses the Plaintiff's constructive knowledge claim. The Plaintiff seeks to prove that the Defendant knew or should have known of the dangerous condition that caused her fall and resulting injuries through constructive knowledge. "Constructive knowledge is established where the condition is shown to have existed for such a length of time that the operator, through exercise of reasonable care, should have known of its existence." *Almond v. Flying J Gas Co.*, 957 So. 2d 437, 439 (Miss. Ct. App. 2007). The Plaintiff seeks to prove that the Defendant had constructive knowledge of the dangerous condition through circumstantial evidence. "Circumstantial evidence may be used to prove the length of time a dangerous condition has existed, so long as it 'creates a legitimate inference that places it beyond conjecture.'" *Evans v. Aydha*, 189 So. 3d 1225, 1230 (Miss. Ct. App. 2016) (quoting *Herrington v. Leaf River Forest Prods., Inc.*, 733 So. 2d 774, 777 (Miss. 1999)). However, "the court will not indulge presumptions for the deficiencies in plaintiff's evidence as to the length of time the hazard existed; therefore, the plaintiff must produce admissible evidence as to the time period in order to establish the operator's constructive knowledge." *Haggard v. Wal-Mart Stores, Inc.*, 75 So. 3d 1120, 1126 (Miss. Ct. App. 2011).

The record in this case reveals no indication whatsoever as to how long the sign remained on the floor before the Plaintiff fell. *See id*. In her deposition, the Plaintiff testified that she had no idea how long the sign was on the floor before she fell and that she did not see the sign before her fall. *Id*. Further, the Plaintiff stated that there was only one footprint on the sign and no other marks

6

to imply that the sign remained on the floor long enough to impute constructive knowledge to the Defendant. *Id.*; *see also* Turner Deposition [43-2] at p. 18-19, 23. Indeed, "circumstantial evidence that still leaves many inferences available is not sufficient as proof for necessary elements of a claim." *Walz v. HWCC-Tunica, Inc.*, 186 So. 3d 375, 378 (Miss. Ct. App. 2016) (rejecting the argument that the defendant's negligence was the only reasonable inference that could be drawn from the presented evidence).

A review of the record reveals that the Plaintiff failed to allege or cite to any facts that could show that the Defendant possessed constructive knowledge of the sign on the floor before the Plaintiff fell. Thus, the Plaintiff cannot prevail on this constructive knowledge theory, as she failed to present circumstantial evidence sufficient to place it beyond conjecture. *See Thomas v. Great Atl. & Pac. Tea Co., Inc.*, 233 F.3d 326, 329-30 (5th Cir. 2000) ("If proof of causation is to be established circumstantially, the evidence must be sufficient to make the plaintiff's asserted theory *probable*, not merely *possible*.") (interpreting Mississippi law).

*Conclusion*

For all of the reasons and authorities discussed above, the Defendant's Motion for Summary Judgment [43] is DENIED.

SO ORDERED on this, the 5th day of June, 2019.

/s/ Sharion Aycock  
UNITED STATES DISTRICT JUDGE